UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15 CV 577 RWS |
| | ) |
| COTTRELL, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This newly removed case is before me on my review for subject matter jurisdiction. Plaintiff Miller allegedly sustained injuries when he fell off of a trailer that he was working on in the course of his employment. Miller brings tort claims against defendants who allegedly manufactured and/or designed the trailer, as well as against defendant Auto Handling Corporation, the sister company of Miller's employer. Miller alleges that Auto Handling maintained the trailer.

Defendant Cottrell, Inc., removed this case to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. Cottrell's Notice of Removal contains allegations that Miller seeks to recover in excess of $75,000, and that there is complete diversity of citizenship. However, Cottrell also notes that plaintiff Miller and defendant Auto Handling are both citizens of Missouri. Cottrell argues that Auto Handling's citizenship "must be disregarded based on fraudulent joinder because there is no possibility that Plaintiffs can state a cause of action against it because those claims are preempted under the Labor Management Relations Act." Despite there being no claim in the complaint for relief under the Labor Management Relations Act ("LMRA"), Cottrell summarily asserts that "[g]rounds for this removal are also based on federal

question jurisdiction under the Labor Management Relations Act, 28 U.S.C. § 1331 and 29 U.S.C. § 185."

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackleford, 478 F.3d 957, 963 (8th Cir. 2007)).

A "court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat diversity" under the doctrine of fraudulent joinder. In re Genetically Modified Rice Litigation, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). "A joinder is fraudulent only when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wilkinson v. Shackleford, 478 F.3d 957,964 (8th Cir. 2007). "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original). The focus is "only on whether a plaintiff 'might' have a 'colorable' claim under state law against a fellow resident,

not on the artfulness of the pleadings." Wilkinson, 478 F.3d at 964. As the Eighth Circuit Court of Appeals explained in Filla,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

Id. at 811 (citations omitted). "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with the motion to remand but simply to remand the case and leave the question for the state courts to decide.'" Id. (quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

Here, Cottrell argues that Section 301 of the LMRA preempts Miller's claims against Auto Handling because Miller, a Teamsters union member, and Auto Handling, a Teamster employer, are both parties to the National Master Automobile Collective Bargaining Agreement ("CBA"). Cottrell argues that Miller's claims against Auto Handling arise out of or require interpretation of the CBA because they implicate the bargained-for working conditions and duties laid out in the CBA. Cottrell also asserts that "Plaintiffs' union expressly agreed to resolve via arbitration any and all complaints regarding alleged unsafe workplace conditions and equipment to be provided, such as the claims alleged against Auto Handling Corporation in the Complaint."

Cottrell has not supported its arguments regarding this Court's subject matter jurisdiction with legal citation or other substantiation. In a removal action, the defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy

College, 420 F.3d 763, 768 (8th Cir. 2005). Based on the information before me at this time, I cannot say that Cottrell has established by a preponderance of the evidence that subject matter jurisdiction exists. However, I will grant Cottrell leave to demonstrate that this Court has subject matter jurisdiction over this action by filing a memorandum of law for its argument that this Court should disregard the citizenship of Auto Handling Corporation based on the doctrine of fraudulent joinder, and/or demonstrating that there is federal question jurisdiction over this action.

Accordingly,

**IT IS HEREBY ORDERED** that **defendant shall show cause in writing, no later than May 8, 2015, that this Court has subject matter jurisdiction over this action by providing sufficient support for its argument that this Court should disregard the citizenship of Auto Handling Corporation based on the doctrine of fraudulent joinder, and/or demonstrating that there is federal question jurisdiction over this action. Plaintiff may file any opposition to defendant's arguments, and/or a motion for remand, no later than May 18, 2015.**

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2015.